STATE OF NORTH CAROLINA,
v.
LAWRENCE NESMITH, Defendant.
No. COA09-849.
Court of Appeals of North Carolina.
Filed: February 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Thomas J. Pitman, for the State.
Mills & Economos, L.L.P., by Larry C. Economos, for defendant-appellant.
GEER, Judge.
Defendant Lawrence Nesmith appeals from the trial court's order enrolling him in a satellite-based monitoring ("SBM") program for 10 years. This Court's recent decisions in State v. Kilby, ___ N.C. App. ___, 679 S.E.2d 430 (2009), and State v. Causby, ___ N.C. App. ___, 683 S.E.2d 262 (2009), control and require the conclusion that the trial court's determination that defendant requires the highest level of supervision and monitoring  notwithstanding the assessment by the Department of Correction ("DOC") that defendant was a moderate risk for reoffending  is unsupported by the evidence. We, therefore, reverse.

Facts
On 7 July 2008, defendant pled no contest to taking indecent liberties with a child and was sentenced to 16 to 20 months imprisonment. The trial court suspended defendant's sentence and placed him on supervised probation for 24 months. On 10 November 2008, after a hearing, the trial court entered an order on AOC form AOC-CR-615 finding:
The defendant was convicted of a reportable conviction as defined by G.S. 14-208.6(4), is required to register under Part 2 of Article 27A of Chapter 14 of the General Statutes, has committed an offense involving the physical, mental, or sexual abuse of a minor, and requires the highest possible level of supervision and monitoring based on the Department of Correction's risk assessment program.
Based on these findings of fact, the trial court ordered that:
the defendant shall be enrolled in a satellite-based monitoring program as a special condition of the defendant's probation and, following the period of supervised probation, the defendant shall be enrolled in a satellite-based monitoring program for . . . TEN (10) YEARS.
Defendant timely appealed to this Court from this SBM order.

Discussion
Defendant contends the trial court erred in ordering his participation in an SBM program for 10 years because there was no evidence before the trial court upon which it could conclude that defendant required the highest level of supervision and monitoring. We agree.
In both Kilby, ___ N.C. App. at ___, 679 S.E.2d at 434, and Causby, ___ N.C. App. at ___, 683 S.E.2d at 265, this Court reversed an order enrolling the defendant in an SBM program when, as in this case, the trial court found that the defendant required "the highest possible level of supervision and monitoring" notwithstanding DOC's risk assessment that the defendant posed only a "moderate" risk of reoffending. In both cases, this Court held that the DOC "moderate" rating was not sufficient standing alone to support the SBM order:
As the DOC assessed defendant herein as a "moderate" risk and the State presented no evidence to support findings of a higher level of risk or to support the requirement for "the highest possible level of supervision and monitoring[,]" the trial court's order is reversed.
Kilby, ___ N.C. App. at ___, 679 S.E.2d at 434. See also Causby, ___ N.C. App. at ___, 683 S.E.2d at 265 (accord).
Here, the sole evidence presented by the State was a "Satellite Based Monitoring Court Eligibility Information Form" upon which DOC indicated that defendant was a "moderate" risk. Since this case is indistinguishable from Kilby and Causby, we must conclude that the State's evidence was insufficient to support the trial court's determination that defendant required the highest possible level of supervision and monitoring. Accordingly, we reverse.
Reversed.
Judges McGEE and ROBERT HUNTER, JR. concur.
Report per Rule 30(e).