STATE OF NORTH CAROLINA,
v.
BRIAN CRAIG SEXTON.
No. COA09-1311.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Attorney General Roy Cooper, by Assistant Attorney General Peter A. Regulski, for the State.
Office of the Appellate Defender, by Assistant Appellate Defender Daniel R. Pollitt, for Defendant.

UNPUBLISHED OPINION
BEASLEY, Judge.
On 7 August 2006, Defendant Brian Craig Sexton was indicted for one count of statutory rape of a 14-year-old and one count of sexual offense against a 14-year-old, both in violation of N.C. Gen. Stat. § 14-27.7A(a). Each indictment alleged that the incident occurred on 13 June 2005, and each indictment charged as an aggravating factor that Defendant took advantage of a position of trust or confidence to commit the offense. On 26 January 2007, a jury found Defendant guilty of both charges and found the existence of the aggravating factor associated with each charge. The trial court also found the existence of two mitigating factors for each charge, but determined that the aggravating factor outweighed the mitigating factors. The trial court entered judgment and sentenced Defendant to concurrent aggravated terms of 360 to 441 months imprisonment. Lastly, the trial court entered a finding that the statutory rape conviction was a "reportable conviction involving a minor" under N.C. Gen. Stat. § 14-208.6.
Defendant appealed, and, in an unpublished opinion filed on 7 October 2008, this Court found no error in part, reversed and remanded in part, and vacated in part. State v. Sexton, 193 N.C. App. 248, 666 S.E.2d 889 (2008) (unpublished). This Court vacated the trial court's finding that Defendant's statutory rape conviction was a reportable conviction, noting that the State conceded that the finding was erroneous. Id. Additionally, this Court found that the aggravating factor in each conviction was not supported by the evidence and, therefore, remanded the case for a new sentencing hearing. Id.
The trial court held a new sentencing hearing and on 6 May 2009, the trial court sentenced Defendant to two concurrent terms of 336 to 413 months imprisonment, which are within the presumptive range for Defendant's class of offense and prior record level. On remand, the trial court also conducted a hearing to determine Defendant's eligibility for satellite-based monitoring pursuant to N.C. Gen. Stat. § 14-208.40A. With the State's consent, the trial court made findings that Defendant is not a sexually violent person, is not a recidivist, and did not commit an aggravated offense. However, the trial court did make a finding that the offenses involved the sexual abuse of a minor, and, therefore, ordered the Department of Correction (DOC) to perform a risk assessment for the purpose of determining if Defendant should be subject to satellite-based monitoring. Defendant thereafter gave oral notice of appeal in open court.
On appeal, Defendant raises only one issue. Defendant contends that the trial court erred in finding that the offense involved the sexual abuse of a minor and in ordering DOC to perform a risk assessment of Defendant to determine whether he should be subject to satellite-based monitoring on the ground that Defendant's convictions were not statutorily defined as "reportable convictions" under N.C. Gen. Stat. § 14-208.6(4). Accordingly, Defendant contends that his convictions should be vacated. The State concedes that Defendant's convictions were not statutorily defined as "reportable convictions" and thus agrees that Defendant is not eligible for satellite-based monitoring. As further explained below, we agree with the parties.
This Court has recently explained that "a trial court's [satellite-based monitoring] determination involves two phases: a `qualification' phase and a `risk assessment' phase." State v. Causby, ___ N.C. App. ___, ___, 683 S.E.2d 262, 264 (2009) (quoting State v. Kilby, ___ N.C. App. ___, ___, 679 S.E.2d 430, 433 (2009)). This Court further explained that, "[i]n the qualification phase, if a defendant was convicted of a reportable offense as defined by N.C. Gen. Stat. § 14-208.6(4) (2007), then the `district attorney shall present to the court any evidence' that the defendant falls into one of five categories" specified in N.C. Gen. Stat. § 14-208.40A. Causby, ___ N.C. App. at ___, 683 S.E.2d at 264 (emphasis added). The five categories are as follows:
(i) the offender has been classified as a sexually violent predator pursuant to G.S. 14-208.20, (ii) the offender is a recidivist, (iii) the conviction offense was an aggravated offense, (iv) the conviction offense was a violation of G.S. 14-27.2A or G.S. 14-27.4A, or (v) the offense involved the physical, mental, or sexual abuse of a minor.
N.C. Gen. Stat. § 14-280.40A(a) (2009). "[T]he trial court is required to determine `whether the offender's conviction places the offender' in one of the five categories and to `make a finding of fact of that determination,' specifying the category into which the offender falls." Causby, ___ N.C. App. at ___, 683 S.E.2d at 264 (quoting N.C. Gen. Stat. § 14-208.40A(b)). After making necessary findings regarding eligibility for satellite-based monitoring in the qualification stage, the trial court, where applicable, moves to the risk assessment stage.
In the instant case, the trial court found that Defendant fell into category (v), that the offenses involved the physical, mental, or sexual abuse of a minor, and therefore ordered DOC to perform a risk assessment pursuant to N.C. Gen. Stat. § 14-280.40A(d). However, based on the statutory scheme explained above, this finding was in error, because the offenses of which Defendant was convicted were not "reportable convictions" on the date they were committed. In Defendant's previous appeal, we held that the convictions were not reportable, and nothing in the statutory framework has changed in the intervening time period. Pursuant to N.C. Gen. Stat. § 14-208.6(4), the definition of "reportable conviction" includes, inter alia, "[a] final conviction for an offense against a minor[1], a sexually violent offense, or an attempt to commit any of those offenses[.]" N.C. Gen. Stat. § 14-208.6(4)a (2009). In 2006, the North Carolina General Assembly expanded the definition of "sexually violent offense" to include violations of N.C. Gen. Stat. § 14-27.7A. 2006 N.C. Sess. Laws 2006-247 § 1(b). However, the revision became effective on 1 December 2006 and applies only to offenses committed on or after 1 December 2006. Id. at § 1(c). Here, it is undisputed that Defendant's offenses were committed prior to the effective date of the statutory revision. Therefore, Defendant's convictions do not fall within the definition of "reportable conviction" under N.C. Gen. Stat. § 14-208.6(4). Accordingly, Defendant is not eligible for satellite-based monitoring, and the trial court's finding that the offenses involved the physical, mental, or sexual abuse of a minor and corresponding order that DOC perform a risk assessment are in error. Based on the foregoing, we remand this case to the trial court with instruction to vacate the erroneous findings regarding satellite-based monitoring eligibility.
Vacated in part.
Judges STEPHENS and ERVIN concur.
Report per Rule 30(e).
NOTES
[1] N.C. Gen. Stat. § 14-208.6 (lm) defines "offense against a minor" as "any of the following offenses if the offense is committed against a minor, and the person committing the offense is not the minor's parent: G.S. 14-39 (kidnapping), G.S. 14-41 (abduction of children), and G.S. 14-43.3 (felonious restraint). The term also includes the following if the person convicted of the following is not the minor's parent: a solicitation or conspiracy to commit any of these offenses; aiding and abetting any of these offenses.