STATE OF NORTH CAROLINA
v.
CARLOS DOMINGUEZ MORENO
No. COA09-1089.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Attorney General Roy A. Cooper, III, by Assistant Attorney General Lisa Y. Harper, for the State.
Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Andrew DeSimone, for defendant-appellant.

UNPUBLISHED OPINION
JACKSON, Judge.
Carlos Dominguez Moreno ("defendant") appeals an order entered 22 January 2009 ordering defendant to register as a sex offender for a period of thirty years and to be enrolled in a satellite-based monitoring ("SBM") program for a period of ten years. For the reasons set forth below, we reverse.
On 29 July 2008, defendant was indicted by a grand jury for two counts for indecent liberties with a child and two counts for sexual battery. On 17 November 2008, defendant pleaded guilty to one count of indecent liberties with a child and one count of sexual battery. On 18 December 2008, defendant was sentenced to a minimum of sixteen months and a maximum of twenty months imprisonment. However, the trial court suspended defendant's sentence and placed him on supervised probation for a period of sixty months.
On 19 January 2009, upon the State's motion, the matter came on for a SBM hearing pursuant to North Carolina General Statutes, section 14-208.40. At the SBM hearing, the State argued that defendant qualified for SBM. The State offered the Department of Correction's ("DOC") Static-99 risk assessment sheet ("assessment") in support of its argument.
The DOC assigned points on defendant's assessment as follows: one point was assigned for defendant's being between age "18 to 24.99," notwithstanding that defendant was sixteen years old at the time of the assessment; one point was assigned for defendant's not having lived with a lover for at least two years; and one point was assigned for his victims' being unrelated to him. Defendant was assigned a total of three points, which equated to a moderate risk level assessment.
On 22 January 2009, after the hearing, the trial court made the following findings of fact on AOC form AOC-CR-615:
1. [T]he defendant has been convicted of a reportable conviction under G.S. 14-208.6, specifically
. . . .
b. a sexually violent offense under G.S. 14-208.6(5), or an attempt, solicitation, or conspiracy to commit such offense.
. . . .
2. [T]he defendant has not been classified as a sexually violent predator. . . .
3. [T]he defendant is not a recidivist. . . .
4. [T]he offense(s) of conviction is not []an aggravated offense. . . .
5. [T]he offense(s) of conviction
. . . .
b. did involve the physical, mental, or sexual abuse of a minor, and based on the risk assessment of the Department of Correction, the defendant
i. requires the highest possible level of supervision and monitoring.
Based upon these findings of fact, the trial court ordered defendant to register as a sex offender for a period of thirty years and to enroll in a SBM program for a period of ten years. Defendant appeals.
On appeal, defendant argues that two of the three points should not have been assigned. He contends that he should not have received a point for his age when he did not fit into the stated age group and that he should not have been assigned a point for not having lived with a lover for at least two years. Defendant also argues that, even if the assessment was appropriately conducted, he only fell into the moderate risk category and not into the high risk group; therefore, he does not require the highest level of supervision. Defendant contends that the decision to enroll him in a SBM program should be vacated due to insufficient evidence presented to prove that he requires the highest level of supervision and monitoring. We agree.
The decision to give defendant the highest possible level of supervision and monitoring is "neither clearly a question of fact nor a conclusion of law." State v. Kilby, ___ N.C. App. ___, ___, 679 S.E.2d 430, 432 (2009) (citing N.C. Gen. Stat. § 14-208.40B(c)). "`[W]e review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found.'" Id. (quoting State v. Garcia, 358 N.C. 382, 391, 597 S.E.2d 724, 733 (2004), cert. denied, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005)). Furthermore, "if a party fails to object to the findings of fact and bring them forward on appeal, they are binding on the appellate court." State v. Sparks, 362 N.C. 181, 185, 657 S.E.2d 655, 658 (2008) (citation omitted).
North Carolina General Statutes, section 14-208.40(a) sets forth the conditions pursuant to which a defendant may be required to enroll in SBM. In relevant part, section 14-208.40(a)(2) provides:
(2) Any offender who satisfies all of the following criteria: (i) is convicted of a reportable conviction as defined by G.S. 14-208.6(4), (ii) is required to register under Part 2 of Article 27A of Chapter 14 of the General Statutes, (iii) has committed an offense involving the physical, mental, or sexual abuse of a minor, and (iv) based on the Department's risk assessment program requires the highest possible level of supervision and monitoring.
N.C. Gen. Stat. § 14-208.40(a)(2) (2007).
We recently have examined issues regarding the sufficiency of evidence required to support a trial court's determination that a "defendant requires the highest possible level of supervision and monitoring" notwithstanding the DOC's assessment that a defendant poses only a "moderate" risk of reoffending in State v. Morrow, ___ N.C. App. ___, ___, 683 S.E.2d 754, 759-62 (2009); State v. Causby, ___ N.C. App. ___, 683 S.E.2d 262, 263-65 (2009); and Kilby, ___ N.C. App. at ___, 679 S.E.2d at 432-34.
In both Causby and Kilby, the trial court found that those defendants required "the highest possible level of supervision and monitoring" notwithstanding DOC's assessments of those defendants, which assessed them as having a "moderate" risk of reoffending. See Causby, ___ N.C. App. at ___, 683 S.E.2d at 265; Kilby, ___ N.C. App. at ___, 679 S.E.2d at 434. In both cases, we held that the defendants' "moderate" assessments  standing alone  were insufficient to support the court's findings that the defendants required the highest possible level of supervision and monitoring. Causby at ___, 683 S.E.2d at 262; Kilby at ___, 679 S.E.2d at 434. Nothing else appearing, we reversed the trial court's orders. Causby, at ___, 683 S.E.2d at 265; Kilby at ___, 679 S.E.2d at 435.
In Morrow, we explained that "the trial court is not limited to the DOC's risk assessment[,]" and that the court should consider "any proffered and otherwise admissible evidence relevant to the risk posed by a defendant." ___ N.C. App. at ___, 683 S.E.2d at 760-61. However, "if `the State present[s] no evidence which would tend to support a determination of a higher level of risk than the `moderate' rating assigned by the DOC[,]' then the order requiring defendant to enroll in SBM should be reversed." Id. at ___, 683 S.E.2d at 761 (quoting Kilby, ___ N.C. App. at ___, 679 S.E.2d at 434) (second alteration in original). We further explained that "if evidence supporting the trial court's determination of a higher level of risk is `presented, it [is] . . . proper to remand the case to the trial court to consider the evidence and make additional findings[.]'" Id. (quoting Kilby, ___ N.C. App. at ___, 679 S.E.2d at 434) (alterations in original). We remanded the matter for additional evidentiary proceedings and entry of more thorough findings of fact after we acknowledged that, at a probation revocation hearing immediately prior to the SBM hearing, the State had presented some evidence that could support a finding that the defendant posed a higher risk than the moderate risk assessed by DOC. See id. at ___, 683 S.E.2d at 761-62.
In the case sub judice, the trial court made four findings of fact[1] in addition to its finding that "defendant requires the highest possible level of supervision and monitoring." The first four of these five findings of fact are unchallenged, and therefore, binding on appeal, see Sparks, 362 N.C. at 185, 657 S.E.2d at 658, but none of them is sufficient to place this case outside the purview of Causby and Kilby. Defendant challenges the court's fifth finding, that "the offense[] of conviction did involve the physical, mental, or sexual abuse of a minor, and based on the risk assessment of the Department of Correction, the defendant requires the highest possible level of supervision and monitoring." The only documentary or testimonial evidence upon which the court could base its finding was DOC's assessment, which determined that defendant was a "moderate" risk for reoffending. Accordingly, this case is indistinguishable from Causby and Kilby, and the trial court's order must be reversed. See Causby, ___ N.C. App. at ___, 683 S.E.2d at 265; Kilby, ___ N.C. App. at ___, 679 S.E.2d at 434. Accord Morrow, ___ N.C. App. at ___, 683 S.E.2d at 761 ("If `the State present[s] no evidence which would tend to support a determination of a higher level of risk than the `moderate' rating assigned by the DOC[,]' then the order requiring defendant to enroll in SBM should be reversed." (quoting Kilby, ___ N.C. App. at ___, 679 S.E.2d at 434).
Reversed.
Judges HUNTER, Jr., Robert C. and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] The court's first finding simply specifies the reportable conviction pursuant to which defendant has been convicted. The court's second, third, and fourth findings denote that defendant has not been classified as a sexually violent predator, is not a recidivist, and has not been convicted of an aggravated offense.