IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA14-915

 Filed: 17 March 2015

 STATE OF NORTH CAROLINA
 Mecklenburg County
 v. Nos. 13 CRS 228504
 13 CRS 228505
 MICQUAN SMITH

 Appeal by defendant from judgments entered 17 March 2014 by Judge W.

Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 4

February 2015.

 Roy Cooper, Attorney General, by Joseph Finarelli, Special Deputy Attorney
 General, for the State.

 Edward Eldred, Attorney at Law, PLLC, by Edward Eldred, for defendant-
 appellant.

 STEELMAN, Judge.

 Where the trial court’s additional findings of fact were supported by competent

record evidence, the trial court did not err in imposing satellite-based monitoring.

 I. Factual and Procedural Background

 On 6 January 2014, Micquan Smith (defendant) pled guilty to indecent

liberties with a minor and attempted first-degree burglary, based on offenses

committed on 10 July 2013. The trial court deferred sentencing to determine whether
 STATE V. SMITH

 Opinion of the Court

satellite-based monitoring (SBM) was required. On 7 February 2014, the State

presented evidence that in January of 2012, defendant pled guilty to assault on a

child under twelve, and that in September of 2012, defendant was charged with

indecent liberties with a minor and indecent exposure, although these charges were

voluntarily dismissed by the State prior to trial.

 On 7 March 2014, the State presented the results of the Static-99 examination

of defendant, which indicated that he had six points, and fell within the “High” risk

category. One point was assigned for the January 2012 conviction, and one for the

September 2012 charges. The officer who administered the examination, however,

testified that she would have given defendant only five points, placing him in the

“Moderate-High” risk category. The trial court found the initial examination to be in

error, and that defendant’s Static-99 did not place him in the “High” risk category.

The trial court then made the following findings:

 Find that although the Static 99R takes into account prior
 convictions it does not explicitly consider the short
 duration between the criminal acts themselves,

 That is: lst 1-28-12 Picking up a 5 year old girl.

 2nd 9-22-12 Exposure on a playground to a 5 year old, 3
 year old and a 1 year female.

 3rd 7-10-13 B&E physically break into a residence and
 commit an Indecent Liberties to wit being in bed with a
 young female child.

 That the three evidences [sic] a pre-dereliction [sic]
 towards young pre-pubescent females a particularly

 -2-
 STATE V. SMITH

 Opinion of the Court

 vulnerable population.

 That two of the occasions the young female children were
 being loosely supervised in open, public areas when
 approached by the defendant. In the third most recent case
 the defendant broke into a residential structure to gain
 access to the young victim. That the three incidences [sic]
 evidence a pattern of sexual increasing aggressiveness on
 the part of the defendant in his acting out with the young
 female victims.

 Defendant was sentenced to consecutive active sentences of 23-40 months

imprisonment for first-degree burglary and 15-27 months imprisonment for indecent

liberties with a child. The trial court ordered that defendant be subject to SBM for

20 years following his release from prison.

 Defendant appeals.

 II. Standard of Review

 On appeal from an order imposing SBM, “we review the trial court's findings

of fact to determine whether they are supported by competent record evidence, and

we review the trial court's conclusions of law for legal accuracy and to ensure that

those conclusions reflect a correct application of law to the facts found.” State v. Kilby,

198 N.C. App. 363, 367, 679 S.E.2d 430, 432 (2009) (quoting State v. Garcia, 358 N.C.

382, 391, 597 S.E.2d 724, 733 (2004), cert. denied, 543 U.S. 1156, 161 L.Ed.2d 122

(2005)).

 III. Findings of Fact

 -3-
 STATE V. SMITH

 Opinion of the Court

 In his sole argument on appeal, defendant contends that the trial court’s

additional findings of fact are not supported by competent record evidence, and that

the trial court erred in ordering defendant to be subject to SBM. We disagree.

 We have held that, if the only evidence presented to the trial court is a STATIC-

99 risk assessment of “Moderate,” the trial court errs in imposing SBM. 1 Kilby, 198

N.C. App. At 369-70, 679 S.E.2d at 434. If the State presents additional evidence,

and the trial court makes additional findings, then the trial court may order SBM.

State v. Morrow, 200 N.C. App. 123, 132, 683 S.E.2d 754, 761 (2009).

 The trial court’s findings state that: (1) defendant committed multiple acts, (2)

they were close together in time, (3) that all of the subjects of the incidents were

young girls, (4) that two of the incidents involved public places, and one involved

breaking into a private residence, and (5) that the incidents show that defendant’s

aggressive conduct was escalating.

 Defendant contends that his prior offenses should not have been considered at

all in the trial court’s findings. We have previously held that the trial court is not to

consider matters already included in the STATIC-99 assessment:

 The purpose of allowing the trial court to make additional
 findings is to permit the trial court to consider factors not
 part of the STATIC-99 assessment. In Morrow, we held
 that, where an offender is determined to pose only a low or
 moderate risk of reoffending, the State must offer

 1 We note that the STATIC-99 risk assessment has four categories: Low, Moderate-Low,
Moderate-High, and High. We hold that Moderate-High still constitutes “Moderate” for the purposes
of our precedent.

 -4-
 STATE V. SMITH

 Opinion of the Court

 additional evidence, and the trial court make additional
 findings, in order to justify a maximum SBM sentence. See
 Morrow, 200 N.C. App. at 132, 683 S.E.2d at 761; Jarvis,
 ___ N.C. App. at ___, 715 S.E.2d at 259. To allow these
 “additional findings” to include matters already addressed
 in the STATIC-99 assessment would obviate the utility of
 the assessment. We hold that these “additional findings”
 cannot be based upon factors explicitly considered in the
 STATIC-99 assessment.

State v. Thomas, ___ N.C. App. ___, ___, 741 S.E.2d 384, 387 (2013). Even assuming

arguendo that the charges from January and September 2012 were otherwise

admissible, they were part of the STATIC-99 assessment, and the trial court was not

permitted to rely upon them as factors in its final determination on the

appropriateness of SBM. Further, we note that the September 2012 charges were

dismissed; we have previously held that mere accusations of crimes, absent a

conviction, “are generally inadmissible even if evidence that [the witness] actually

committed the crimes would have been admissible.” State v. Johnson, 128 N.C. App.

361, 369, 496 S.E.2d 805, 810 (1998) (quoting State v. Mills, 332 N.C. 392, 407, 420

S.E.2d 114, 121 (1992)). As such, even in the absence of the STATIC-99, the

September 2012 charges could not have been relied upon by the trial court.

 However, there was evidence in the record to support the remainder of the trial

court’s findings, with respect to the age of the alleged victims, the temporal proximity

of the events, and defendant’s increasing sexual aggressiveness. We have held that

“when the trial court is making its determination of whether the defendant requires

the highest possible level of supervision, the court ‘is not limited to the DOC's risk

 -5-
 STATE V. SMITH

 Opinion of the Court

assessment’ and should consider ‘any proffered and otherwise admissible evidence

relevant to the risk posed by a defendant[.]’” State v. Green, 211 N.C. App. 599, 603,

710 S.E.2d 292, 295 (2011) (quoting Morrow, 200 N.C. App. at 131, 683 S.E.2d at 760-

61). These factors were not part of the STATIC-99 evaluation, and the trial court was

not barred from considering them. We hold that the trial court did not err in

considering this evidence, making findings of fact based on this evidence, and

imposing the requirement of post-sentence SBM.

 Because the trial court made additional findings of fact that were supported by

competent record evidence, we hold that it did not err in ordering defendant to be

subject to SBM following his release from incarceration.

 AFFIRMED.

 Judges DIETZ and INMAN concur.

 -6-