STATE OF NORTH CAROLINA v. DEREK RILE GREEN

No. COA10-1163

(Filed 3 May 2011)

**Satellite-based Monitoring— highest level of supervision— sufficiency of additional findings**

The Court of Appeals granted defendant's petition for writ of *certiorari* under N.C. R. App. P. 21 and concluded that the trial court did not err by enrolling defendant in the satellite-based program for a period of five years. The trial court's additional findings that defendant had not received treatment and that the victims were very young were proper findings to support the trial court's determination that defendant required the highest possible level of supervision.

Appeal by Defendant from order dated 11 February 2010 by Judge R. Allen Baddour, Jr., in Chatham County Superior Court. Heard in the Court of Appeals 22 March 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Oliver G. Wheeler IV, for the State.*

*Greene & Wilson, P.A., by Thomas Reston Wilson, for Defendant.*

STEPHENS, Judge.

*Factual and Procedural Background*

On 9 January 2007, Derek Rile Green ("Green") was indicted on one count of first-degree forcible sexual offense. Prior to trial, the State filed an information with the Chatham County Superior Court charging Green with indecent liberties with a minor.

Pursuant to a plea agreement, Green pled guilty at the 24 April 2008 Criminal Session of Chatham County Superior Court, the Honorable R. Allen Baddour, Jr., presiding, to two counts of taking indecent liberties with a minor in exchange for the State's agreement to drop several other pending charges. As recommended in Green's

plea agreement, the trial court sentenced Green to 25 to 30 months in the custody of the Department of Correction ("DOC") and further recommended that Green complete the "SOAR" program.[1] At the conclusion of sentencing, the trial court conducted a hearing pursuant to N.C. Gen. Stat. § 14-208.40A to determine Green's eligibility for enrollment in a satellite-based monitoring ("SBM") program. The hearing was continued for 21 months to allow the parties to gather further evidence.

On 13 October 2009, a DOC risk assessment[2] of Green was completed by psychologist Richard Daves. The risk assessment placed Green in the "moderate-low" risk range.

The SBM hearing was completed on 11 February 2010, Judge Baddour again presiding. Following that hearing, the trial court entered its "judicial findings and order for sex offenders," in which the court (1) found that Green was convicted of an offense involving the physical, mental, or sexual abuse of a minor, (2) found that Green requires the highest possible level of supervision and monitoring, and (3) ordered that, upon his release from prison, Green be enrolled in SBM for a period of five years pursuant to N.C. Gen. Stat. § 14-208.40A(e). From the SBM order, Green appeals.

### Grounds for Appellate Review

At the 11 February 2010 SBM hearing, Green gave oral notice of appeal from the order. However, this Court has held that "SBM hearings and proceedings are not criminal actions, but are instead a 'civil regulatory scheme.'" *State v. Brooks,* —— N.C. App. ——, ——, 693 S.E.2d 204, 206 (2010) (quoting *State v. Bare,* —— N.C. App. ——, ——, 677 S.E.2d 518, 527 (2009), *disc. review denied,* 364 N.C. 436, 702 S.E.2d 492 (2010)). Accordingly, Green's oral notice of appeal is insufficient to confer jurisdiction on this Court. *See Brooks,* —— N.C. App. at ——, 693 S.E.2d at 206 (holding that oral notice of appeal from an SBM hearing or proceeding is insufficient to confer jurisdiction on this Court, and instructing that a defendant must, instead, give written notice of appeal pursuant to N.C. R. App. P. 3(a)).

However, on 4 November 2010, Green filed with this Court a petition for writ of *certiorari.* According to Green, "the law on this issue was in its early stages of interpretation" at the time Green entered oral notice of appeal. Although SBM proceedings were considered

---

1. "SOAR" is an acronym standing for Sex Offender Accountability and Responsibility.

2. The purpose of such an assessment is to estimate the probability of sexual and violent recidivism.

part of a "civil regulatory scheme" at the time of Green's appeal, *Bare,* —— N.C. App. at ——, 677 S.E.2d at 527, such that written notice of appeal was required at the time, in the interest of justice we elect to grant Green's petition for writ of *certiorari* and address the merits of his appeal pursuant to N.C. R. App. P. 21.

## Discussion

On appeal from an SBM order, "we review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to. ensure that those conclusions reflect a correct application of law to the facts found." *State v. Kilby,* 198 N.C. App. 363, 367, 679 S.E.2d 430, 432 (2009) (citation and internal quotation marks omitted). "The trial court's 'findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.' " *Id.* at 366, 679 S.E.2d at 432 (2009) (quoting *State v. Brewington,* 352 N.C. 489, 498, 532 S.E.2d 496, 501 (2000), *cert. denied,* 531 U.S. 1165, 148 L. Ed. 2d 992 (2001)).

Green argues on appeal that the order enrolling Green in the SBM program for a period of five years should be vacated because its conclusion that Green required the highest possible level of supervision was erroneous. This Court has previously held that a DOC risk assessment of "moderate," *without more,* is insufficient to support the finding that a defendant requires the highest possible level of supervision and monitoring. *Kilby,* 198 N.C. App. at 369-70, 679 S.E.2d at 434. However, in the face of a DOC risk assessment of "moderate," a trial court's determination that the defendant requires the highest possible level of supervision may be adequately supported where the trial court makes "additional findings" regarding the need for the highest possible level of supervision and where there is competent record evidence to support those additional findings. *See State v. Morrow,* —— N.C. App. ——, ——, 683 S.E.2d 754, 760-62 (2009), *aff'd per curiam,* 364 N.C. 424, 700 S.E.2d 224 (2010). In this case, the trial court found that Green requires the highest possible level of supervision and monitoring based on the DOC risk assessment of "moderate-low" and based on the following additional findings: (1) the victims were especially young, neither victim was able to advocate for herself, "one victim was too young to possibly even speak," and therefore "the risk to other similarly situated individuals is [] substantial;" (2) Green has "committed multiple [acts] of domestic violence;" and (3) Green has obtained no sex offender treatment. On appeal, Green contends that these additional findings were erroneous and/or unsupported by competent evidence and, therefore, the court's determina-

tion that Green requires the highest possible level of supervision is not supported by adequate additional findings.

Regarding additional finding one, Green argues that this finding is erroneous because it is based on the underlying factual scenario of his conviction. Green contends that the "facts inherent in the crime to which [he] submitted an *Alford* plea" could not have properly been considered by the trial court and that such facts "were insufficient, and otherwise not additional considerations by the court . . . that otherwise supplemented or should out[]weigh the [DOC risk assessment] of moderate-low risk." We are unpersuaded by this argument.

Initially, we note that Green presents no legal authority to support his argument that the "facts inherent in the crime" may not be considered as additional factors in the trial court's determination as to whether a defendant requires the highest possible level of supervision. Furthermore, although this Court has held that the factual context of the crime may not be considered in determining whether a defendant's offense of conviction was an "aggravated offense" or an offense involving the physical, mental, or sexual abuse of a minor, *State v. Davison,* —— N.C. App. ——, ——, 689 S.E.2d 510, 517 (2009), *disc. review denied,* —— N.C. ——, 703 S.E.2d 738 (2010), the reasoning supporting that holding is inapplicable in this context. In *Davison,* this Court held that use of the word "conviction" in section 14-208.40A compels the conclusion that only the conviction itself, and not the underlying factual context of the conviction, may be considered in determining whether the defendant was convicted of an aggravated offense or an offense involving the physical, mental, or sexual abuse of a minor. *Id.* However, section 14-208.40A(e), which governs the present inquiry, contains no similar limitation on what may properly be considered by the trial court in determining whether the defendant requires the highest possible level of supervision:

> Upon receipt of a risk assessment from [DOC] . . ., the court shall determine whether, based on [DOC's] risk assessment, the offender requires the highest possible level of supervision and monitoring. If the court determines that the offender does require the highest possible level of supervision and monitoring, the court shall order the offender to enroll in [an SBM] program for a period of time to be specified by the court.

N.C. Gen. Stat. § 14-208.40A(e) (2009). Indeed, section 14-208.40A(e) mandates that the trial court must look beyond the offense of conviction and consider the DOC risk assessment in making its determi-

nation. *Id.* Further, this Court has since held that when the trial court is making its determination of whether the defendant requires the highest possible level of supervision, the court "is not limited to the DOC's risk assessment" and should consider "any proffered and otherwise admissible evidence relevant to the risk posed by a defendant[.]" *Morrow,* —— N.C. App. at ——, 683 S.E.2d at 760-61. Based on the foregoing, we find nothing to support Green's contention and, thus, we conclude that the trial court may properly consider evidence of the factual context of a defendant's conviction when making additional findings as to the level of supervision required of a defendant convicted of an offense involving the physical, mental, or sexual abuse of a minor. Accordingly, we hold that it was not error for the trial court to consider the factual context of Green's conviction in making its additional findings. Nevertheless, before we can make any determination as to whether the trial court properly concluded that Green requires the highest possible level of supervision, we must first determine whether additional finding one was supported by competent evidence. *Kilby,* 198 N.C. App. at 367, 679 S.E.2d at 432.

Prior to the initiation of the SBM hearing, the trial court engaged in a plea colloquy with Green, in which Green stipulated to the prosecutor's summary of the facts. In that summary, the prosecutor stated that at the time of the offense, one victim was 17 months old and the other was four years old. As Green stipulated to the facts as summarized by the prosecutor and failed even to attempt to dispute in any way the age of the victims, we conclude that this evidence sufficiently supported additional finding one. *Cf. State v. Powell,* 254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961) ("No proof of stipulated or admitted facts, or of matters necessarily implied thereby, is necessary, the stipulations being substituted for proof and dispensing with evidence. While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them. Silence, under some circumstances, may be deemed assent. These principles apply in both civil and criminal cases." (internal quotation marks, citations, and ellipses omitted)), *superseded on other grounds by statute,* N.C. Gen. Stat. § 20-179(a) (2009) (as recognized in *State v. Denning,* 316 N.C. 523, 342 S.E.2d 855 (1986)); *Morrow,* —— N.C. App. at ——, 683 S.E.2d at 761-62 (approving of a trial court's consideration of findings made in a probation revocation proceeding preceding the SBM hearing).

Regarding additional finding two, which states that Green has committed multiple acts of domestic violence, Green argues that this finding is erroneous as there is no competent evidence supporting it. We agree. The only indications of Green's alleged commission of acts of domestic violence were (1) the State's representation to the trial court that Green pled guilty to "an assault charge involving the mother of the victim in this case," which charge was reduced to a misdemeanor because the mother "wanted that case dismissed;" and (2) the list of prior convictions on his "Prior Record Level" worksheet, which contains the following entry: "AWDWIKI G/L AWDW AND CT[.]" Because the shorthand for Green's prior conviction does not convey that the charge involved domestic abuse, and because the State's statement about the domestic violence aspect of the charge was neither stipulated to nor assented to by Green, we conclude that this "evidence" is insufficient to support the trial court's finding that Green "committed multiple [acts] of domestic violence." *Cf. State v. Mullican*, 329 N.C. 683, 685, 406 S.E.2d 854, 855 (1991) ("We have held that a statement by the prosecuting attorney is not sufficient standing alone to find an aggravating factor. If opposing counsel stipulates to a statement it may be used to support the finding of an aggravating factor." (internal citations omitted)).

Regarding additional finding three—that Green "has obtained no sex offender treatment"—Green argues that this finding is unsupported by the evidence. We disagree. At the SBM proceeding, Green admitted that he had not completed the recommended treatment. Accordingly, we conclude that additional finding three is supported by competent evidence.

As we have concluded that additional findings of fact one and three are supported by competent evidence, we must next determine whether these findings, along with the "moderate-low" risk assessment, support the trial court's determination that Green "requires the highest possible level of supervision and monitoring." We review this determination by the trial court to ensure that it "reflect[s] a correct application of law to the facts found." *Kilby*, 198 N.C. App. at 367, 679 S.E.2d at 432 (internal quotation marks omitted) (brackets in original).

In our view, the trial court's determination that Green requires the highest possible level of supervision based on the facts that the victims were very young and that Green did not receive any sex offender treatment is a correct application of the law to the facts found. As section 15A-1340.16(d) provides that the very young age of

the victim is an appropriate aggravating factor for sentencing purposes, we see no reason why that fact would not also be a similarly "aggravating" finding in the SBM context. *See* N.C. Gen. Stat. § 15A-1340.16(d)(11) (2009). Further, this Court has previously held that evidence that a defendant failed to attend several sessions of a sexual abuse treatment program required as a condition of his probation could support a finding that the defendant requires the highest possible level of supervision. *Morrow*, —— N.C. App. at ——, 683 S.E.2d at 761 (citing *McKune v. Lile*, 536 U.S. 24, 33, 153 L. Ed. 2d 47, 57 (2002), for the proposition that "an untreated sex offender is significantly more likely to reoffend than if treated"). While we acknowledge that, in this case, the sex offender treatment program was only recommended, not required, for Green, we note that the fact of recommendation rather than requirement does not discount the fact that "an untreated sex offender is significantly more likely to reoffend than if treated." *See id.* Accordingly, we conclude that the trial court's additional findings that Green had not received treatment and that the victims were very young were proper findings to support the trial court's determination that Green requires the highest possible level of supervision.

Based on the foregoing, we conclude that the trial court did not err by enrolling Green in the SBM program for a period of five years.[3] The order of the trial court is

AFFIRMED.

Judges HUNTER, ROBERT C., and ERVIN concur.

---

3. As for Green's remaining argument that enrollment in SBM violates his many constitutional protections, such argument is unavailing in light of our Supreme Court's decision in *State v. Bowditch*, 364 N.C. 335, 700 S.E.2d 1 (2010).