An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1436

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

    v.

CHRISTOPHER LEEVETT ROBINSON

Forsyth County
No. 12 CRS 050342

Appeal by defendant from judgment entered 11 March 2013 by Judge V. Brad Long in Forsyth County Superior Court. Heard in the Court of Appeals 3 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Sherri Horner Lawrence, for the State.*

> *M. Gordon Widenhouse, Jr., for defendant-appellant.*

HUNTER, Robert C., Judge.

Christopher Leevett Robinson ("defendant") was sentenced to 200 to 249 months imprisonment after pleading guilty to three counts of first degree sexual offense with a child and two counts of indecent liberties with a child. Defendant appeals from the trial court's civil judgment imposing the highest level of supervision and satellite-based monitoring ("SBM") for a

period of thirty years following his release from prison. On appeal, defendant argues that the trial court erred by: (1) basing some of its factual findings in the SBM hearing on inadmissible evidence and (2) impermissibly considering the facts underlying his conviction in its SBM determination.

After careful review, we affirm the trial court's judgment.

**Background**

The prosecution provided the following factual basis to support the guilty plea: Defendant is the biological uncle of the alleged child victim ("the child"), who was nine years old when allegations against defendant were submitted to the Winston-Salem Police Department. On 26 September 2011, the child was playing a game called "telling secrets" with her friends. Accompanying the child was her maternal grandmother and adoptive mother, who is also defendant's mother ("the grandmother"). The child's biological mother, who is defendant's sister, was not present. At one point the child became upset during the game, and when the grandmother asked why, the child revealed that defendant had been molesting her. When she was told what the child said, defendant's sister confronted him about the allegations. Defendant admitted to his sister that he had been molesting the child for "quite some

time." Defendant denied penetrating the child's vagina but admitted to his sister that he had put his penis in the child's rectum.

Soon thereafter, the child was examined by a forensic interviewer. She revealed during this interview that defendant had molested her multiple times by putting his penis in her rectum, specifically when she was seven and eight years old, and that the last incident occurred when she was nine years old. The child said that defendant would take her out of her bed and put her on the floor, take off her clothes, and penetrate her rectum until he ejaculated. Defendant later admitted to police investigators that he started abusing the child when she was a few months old by rubbing his hand on her vagina. Defendant denied ever "penetrating" the child, but admitted to rubbing his penis around her vagina on at least thirty occasions and ejaculating in front of her.

In April 2012, defendant was indicted on three counts of sexual offense with a child by an adult and two counts of taking indecent liberties with a minor. On 11 March 2013, defendant pled guilty pursuant to an agreement that the charges would be consolidated for sentencing as one count of sexual offense with a child by an adult and defendant would be entitled to a

mitigating factor that he accepted responsibility at an early stage of the proceedings.

After sentencing, the trial court conducted a hearing to determine whether defendant required SBM. The Department of Corrections performed a STATIC-99 risk assessment, which is the tool used for assessing a sexual offender's likelihood for reoffending, on defendant. Defendant obtained a score of one point, indicating a low risk of recidivism.

During the SBM hearing, the grandmother testified that defendant had a long history of prior sexual misconduct. First, she testified that defendant sexually assaulted his classmates while at school but admitted that she had not personally witnessed any such conduct and did not identify any victims; rather, she became aware of these incidents because she had to "go through other changes when he was in school" to prevent similar future occurrences. Second, the grandmother testified that defendant molested a mentally handicapped young girl. She again did not provide any specific information to corroborate this claim, and although she claimed that there may be police records of the incident, none were produced at the hearing. Finally, the grandmother testified that she personally witnessed defendant inappropriately grabbing both herself and defendant's

sister. She testified that defendant grabbed her "in places he shouldn't be" and that he grabbed his sister on "their [sic.] breasts, their [sic.] behind."

Based only on this testimony, the trial court found as fact that defendant sexually molested numerous females in his environment, including his mother, sister, and classmates at school, and that defendant had been investigated on at least one prior occasion for sexually molesting a mentally handicapped female. Based on the factual basis of defendant's guilty plea, the trial court also found that defendant began molesting the child when she was an infant and that this conduct continued until she was nine years old. The trial court used these findings of fact to conclude that defendant posed a sufficient risk of reoffending to warrant the imposition of the highest level of supervision and ordered SBM for 30 years after his release from prison. Defendant filed timely notice of appeal.

### Standard of Review

In SBM proceedings, the factual findings of the trial court are reviewed to determine whether they are supported by competent evidence. *State v. Kilby*, 198 N.C. App. 363, 366-367, 679 S.E.2d 430, 432 (2009). If the factual findings are supported by competent evidence, they are binding on appeal.

*State v. Thomas*, __N.C. App. __, __, 741 S.E.2d 384, 386 (2013). The trial court's conclusions of law are reviewed for "legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found." *State v. Green,* 211 N.C. App. 599, 601, 710 S.E.2d 292, 294 (2011).

## Discussion

N.C. Gen. Stat. § 14-208.40 (2013) sets out the guidelines for imposing SBM. "Active" SBM, which refers to continuous satellite-based monitoring, is the highest possible level of supervision and monitoring. N.C. Gen. Stat. § 14-208.40(b). N.C. Gen. Stat § 14-208.40A outlines the procedure for determining whether an offender requires SBM enrollment. In the qualification phase, N.C. Gen. Stat § 14-208.40A lists several offense categories that make an offender eligible for SBM enrollment, one of which provides "the offense involved the physical, mental, or sexual abuse of a minor." N.C. Gen. Stat. §14-208.40A(a). If the court finds during the qualification phase that the offender falls into this category, the trial court must perform a risk assessment to determine whether SBM is warranted. After the risk assessment is completed, the trial court has discretion to determine whether the offender requires supervision and monitoring. N.C. Gen. Stat. § 14-208.40A(e).

A low or moderate risk assessment in a STATIC-99 score alone is insufficient to support a determination that the offender requires the highest level of supervision and monitoring. *Kilby*, 198 N.C. App. at 369-370, 679 S.E.2d at 434. The trial court is permitted to consider any proffered evidence relevant to the risk of recidivism posed by a defendant. *Green*, 211 N.C. App. at 602-603, 710 S.E.2d at 295. The proffered evidence must be competent and admissible to support a trial court's finding of fact. *Kilby*, 198 N.C. App. at 367, 679 S.E.2d 432.

## I. The Grandmother's Testimony

Defendant first contends that the trial court's findings of fact that defendant sexually molested his mother, sister, classmates, and a mentally handicapped young female were unsupported by competent and admissible evidence, and therefore the trial court erred in imposing the highest level of supervision and monitoring based on those findings. We agree that some of the factual findings entered by the trial court were unsupported by competent and admissible evidence, but we affirm the imposition of the highest level of SBM.

The North Carolina Rules of Evidence provide that "[a] witness may not testify to a matter unless evidence is

introduced sufficient to support a finding that he has personal knowledge of the matter." N.C. Gen. Stat. § 8C-1, Rule 602 (2013). Personal knowledge of a matter primarily refers to personal perception of an occurrence. *State v. Cox*, 296 N.C. 388, 391, 250 S.E.2d 259, 261 (1979). Generally speaking, as long as a lay witness has a basis of personal knowledge for his or her testimony, the evidence is admissible so long as it is relevant. *State v. Anthony*, 354 N.C. 372, 411, 555 S.E.2d 557, 583 (2001). Testimony that amounts to mere speculation rather than personal knowledge is inadmissible. *State v. Garcell*, 363 N.C. 10, 36, 678 S.E.2d 618, 635, *cert. denied*, 558 U.S. 999, 175 L. Ed. 2d 362 (2009).

First, we hold that the trial court's finding of fact that defendant molested his mother and his sister was supported by competent and admissible evidence. The testimony supporting these findings was based on the personal observations of the grandmother of the sexual assaults on herself and defendant's sister; therefore, based on the plain application of Rule 602, the grandmother's testimony was admissible. *See* N.C. Gen. Stat. § 8C-1, Rule 602 (2013); *Anthony*, 354 N.C. at 411, 555 S.E.2d at 583. However, defendant contends that even if he touched his mother and his sister in the manner alleged, "[the grandmother]

did not provide any sufficient details or describe how any of this touching was sexual misconduct." Defendant claims that since the grandmother did not describe the conduct as sexual in nature, this testimony did not support the trial court's factual finding that defendant "molested" her or his sister. It is clear, however, that the grandmother categorized the act of defendant grabbing her as inappropriate by saying that he touched her "in places he shouldn't be." Regarding the inappropriate touching of defendant's sister, the fact that the grandmother testified that defendant specifically grabbed "their [sic.] breasts, their [sic.] behind" indicates the sexual nature of the touching. Therefore, we conclude that the trial court's finding of fact that defendant molested his mother and sister was supported by competent and admissible evidence.

Second, the trial court's finding that defendant molested his classmates at school was not supported by competent and admissible evidence. During her testimony, the grandmother admitted that she did not observe any of the incidents of sexual misconduct that she alleged to have occurred at school. The State contends that the grandmother would have had personal knowledge of incidents that defendant was involved in at school simply because she was his parent. We disagree with this

contention. Personal knowledge for the purposes of Rule 602 requires personal perception of an act or occurrence, not mere speculation. *See State v. Elkins*, 210 N.C. App. 110, 117, 707 S.E.2d 744, 751 (2011). The grandmother testified that she knew of defendant molesting children at his school merely because she "had to go through other changes when he was in school . . . to keep his hands to himself and things of that nature," not because she had any personal knowledge of these incidents. Because this testimony amounts to speculation, it was inadmissible for lack of personal knowledge. *See Elkins*, 210 N.C. App. at 117, 707 S.E.2d at 751. Therefore, the trial court's finding of fact that defendant molested his classmates is not supported by competent evidence and cannot support the SBM determination. *See Kilby*, 198 N.C. App. at 367, 679 S.E.2d 432.

Finally, the trial court's finding that defendant was investigated for sexually molesting a mentally handicapped girl was similarly unsupported by competent and admissible evidence. Again, the grandmother admitted that she did not observe this alleged incident, and it is unclear from her testimony how she became aware of it. While she mentioned that there may be police reports of the incident, she did not claim to be familiar

with or possess these reports. Because there was no evidence indicating that the grandmother had personal knowledge of any such investigation, her testimony was inadmissible. *See* N.C. Gen. Stat. § 8C-1, Rule 602 (2013). Accordingly, the trial court's finding of fact that defendant was investigated for molesting a mentally handicapped girl was not supported by competent evidence and may not support the SBM determination. *See Kilby*, 198 N.C. App. at 367, 679 S.E.2d 432.

In sum, we conclude that the trial court properly found as fact that defendant molested the grandmother and defendant's sister as an adult, but because the grandmother did not have personal knowledge regarding any of the other alleged misconduct, the trial court's findings of fact that he molested his classmates and was investigated for molesting a mentally handicapped girl were not supported by competent and admissible evidence.

## II. Findings Supporting SBM

Defendant next contends that the trial court erred by using the factual circumstances of the underlying convictions as support for the imposition of SBM. Defendant also argues that since his sexual misconduct was directed toward a family member, he is less likely to reoffend. We disagree as to both

arguments.

First, defendant asserts that since "some of these additional findings related to the facts of the offenses for which [defendant] was subject to SBM, they could not support a conclusion that he required the highest possible level of supervision and monitoring." However, this Court has recently held that "the trial court may properly consider evidence of the factual context of a defendant's conviction when making additional findings as to the level of supervision required of a defendant . . . ." *Green*, 211 N.C. App. at 603, 710 S.E.2d at 295.

In *Green*, the defendant pled guilty to two counts of taking indecent liberties with a minor. *Id.* at 599, 710 S.E.2d at 293. The trial court imposed the highest level of supervision and monitoring for five years based on the defendant's moderate-low risk assessment score in addition to other factual findings, one of which was that "(1) the victims were especially young, neither victim was able to advocate for herself, one victim was too young to possibly even speak . . . ." *Id.* at 601, 710 S.E.2d at 294. The defendant appealed his SBM order, arguing that since the trial court's finding that his victims were especially young "[was] based on the underlying factual scenario

of his conviction," this finding should not have been used to supplement the DOC's risk-assessment score to impose the highest level of SBM. *Id.* (quotation marks omitted). This Court disagreed, holding that the underlying facts of the conviction were properly considered by the trial court. *Id.* at 603, 710 S.E.2d at 295. The Court made a distinction between using the underlying facts of the conviction in the qualification and risk assessment phases of the SBM hearing. *See id.* at 602, 710 S.E.2d at 295. It held that the "factual context of the crime may not be considered in determining whether a defendant's offense of conviction was an 'aggravated offense' or an offense involving the physical, mental, or sexual abuse of a minor," but the trial court "should consider any proffered and otherwise admissible evidence relevant to the risk posed by a defendant" during the risk assessment phase. *Green,* 211 N.C. App. at 603, 710 S.E.2d at 295 (citing *State v. Morrow*, 200 N.C. App. 123, 131, 683 S.E.2d 754, 760-761 (2009)). Since the trial court used the underlying factual basis of the plea only in the risk assessment phase of the SBM hearing, and not in the qualification phase, the *Green* Court found no error. *See id.* at 603, 710 S.E.2d at 295.

Here, the trial court did not use the underlying facts of

defendant's conviction in the qualification phase of the SBM hearing. Based only on the elements of defendant's convicted crimes of indecent liberties with a minor and first degree sexual offense with a child, the trial court determined that defendant fit into the category of offenders that involved the sexual abuse of a minor. The trial court did, however, consider the facts underlying the conviction in the risk assessment phase of the SBM hearing. Thus, pursuant to *Green*, we conclude the trial court did not err. Defendant never contested the child's age and conceded that there was a factual basis to support his guilty plea. Furthermore, defendant had previously admitted his sexual misconduct towards the child to investigators and described these incidents in detail. Thus, the continuity of defendant's improper sexual behavior around the child over several years and the factual circumstances of her age were relevant to the trial court's inquiry into whether defendant may pose a high risk of recidivism after his release from prison. N.C. Gen. Stat. §14-208.40A; *Green*, 211 N.C. App. at 603, 710 S.E.2d at 295.

Defendant's argument that he is less likely to reoffend due to the fact that his sexual misconduct was directed towards a family member and not a stranger is also without merit. As

discussed above, competent evidence supports the trial court's factual finding that in addition to sexually abusing the child for years, defendant had sexually molested his mother and sister. Contrary to defendant's argument, this finding indicates that there is perhaps an unusually high risk that defendant will reoffend when around family members. Defendant's argument is overruled.

## III. Conclusions of Law

Defendant's final argument is that the trial court erred by concluding that he requires the highest level of supervision and monitoring because its findings of fact supporting that conclusion are not supported by competent evidence. Although some of the trial court's findings of fact were not supported by competent evidence, we conclude that there were still sufficient findings to support the trial court's conclusions of law.

The holding in *Green,* discussed above, is also helpful to this analysis. In *Green*, after the defendant scored moderate-low on his STATIC-99 risk assessment test, the trial court made the additional findings that (1) the victims were especially young, (2) the defendant had a history of domestic violence, and (3) the defendant had not obtained sex offender treatment. *Green*, 211 N.C. App. at 601, 710 S.E.2d at 294. On appeal, this

Court ruled that the factual finding that defendant had "committed multiple acts of domestic violence" was unsupported by competent evidence and therefore should not have been used to support the determination that the defendant required the highest level of SBM. *Id.* at 604, 710 S.E.2d 296. Nonetheless, the Court held that the remaining factual findings, as well as defendant's moderate-low risk-assessment score, were sufficient grounds to support the trial court's imposition of the highest level of supervision and monitoring. *Id.* at 604-605, 710 S.E.2d at 296. The Court noted that "[a]s section 15A-1340.16(d) provides that the very young age of the victim is an appropriate aggravating factor for sentencing purposes, we see no reason why that fact would not also be a similarly 'aggravating' finding in the SBM context." *Id.*

Here, the trial court properly entered the following findings of fact: (1) defendant sexually molested his mother and sister as an adult; (2) defendant began touching the child inappropriately when she was an infant; and (3) the sexual contact between defendant and the child continued until she was nine years old. Given the "aggravating" nature of the child's young age at the time of the abuse, *Green*, 211 N.C. App. at 605, 710 S.E.2d at 296, defendant's admittedly repeated sexual

assault of the child throughout her young life, and defendant's molestation of his mother and sister as an adult, we hold that the trial court's imposition of the highest level of supervision and monitoring "reflect[s] a correct application of law to the facts found." *Kilby*, 198 N.C. App. at 367, 679 S.E.2d at 432. Accordingly, we affirm the trial court's judgment.

**Conclusion**

We conclude that the trial court's factual findings that defendant had molested his classmates and was investigated for molesting a mentally handicapped girl are unsupported by competent evidence. However, the remaining factual findings were supported by competent and admissible evidence and were sufficient to support the legal conclusion that defendant requires the highest level of supervision and monitoring for 30 years after his release from prison.

AFFIRMED.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).