An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-737

NORTH CAROLINA COURT OF APPEALS

Filed: 17 February 2015

STATE OF NORTH CAROLINA

    v.

RICKY DARNELL WHITEHEAD,
    Defendant.

Craven County
No. 01 CRS 53730

Appeal by defendant from order entered 6 September 2013 by Judge Kenneth F. Crow in Craven County Superior Court. Heard in the Court of Appeals 5 November 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *Ryan McKaig for defendant-appellant.*

DIETZ, Judge.

After serving his sentence for a second-degree rape conviction, the trial court ordered Defendant Ricky Darnell Whitehead to submit to satellite-based monitoring for a period of ten years. Whitehead appeals from that order, arguing that the trial court's findings do not support imposition of satellite-based monitoring, the strictest form of supervision and monitoring for convicted sex offenders.

For the reasons discussed below, we hold that the trial court properly considered the facts underlying Whitehead's conviction in making its findings and that those findings support imposition of satellite-based monitoring under our precedent. Accordingly, we affirm the trial court's order.

**Facts and Procedural History**

On 29 January 2002, Whitehead pleaded guilty to second-degree rape in exchange for dismissal by the State of a statutory rape charge. At the time of the underlying offense, Whitehead was thirty-six years old. The victim was a thirteen-year-old foster child who lived with Whitehead's aunt. Whitehead, who had obtained the status of a habitual felon, was sentenced to an active term of imprisonment of 133 to 169 months.

More than ten years later, on 16 January 2013, Whitehead received a notice from the North Carolina Department of Public Safety requiring him to attend a hearing to determine whether he was eligible to submit to satellite-based monitoring. In conjunction with this hearing, on 11 February 2013, Whitehead completed a STATIC-99 evaluation, a test created by the Department of Correction to assess a sex offender's risk of reoffending. The STATIC-99 considers such factors as the

offender's age, number of prior sex offenses, other convictions for violent offenses, and whether any of the victims were strangers or unrelated to the defendant. Whitehead received a score of 3 on the assessment, placing him in the "Moderate-Low" range for risk of reoffending.

At the 22 April 2013 hearing in the Craven County Superior Court, the parties contested the admissibility of a pre-sentence diagnostic report that had been prepared in 2002. This report included facts about Whitehead's education, employment, mental health, and family background, along with information about his conduct while incarcerated. The State asked the trial court to consider from this report the age disparity between Whitehead and the victim, as well as the fact that the victim was a foster child living in the home of Whitehead's aunt at the time of the offense. Defense counsel did not object to the introduction of this particular evidence from the report, and acknowledged that such facts were indeed "relevant in this case."

After the hearing, on 6 September 2013, the court determined that Whitehead was eligible to enroll in satellite-based monitoring. In addition to finding that Whitehead was convicted of an offense involving the physical, mental, or

sexual abuse of a minor, the trial court made the following findings of fact:

> 1) Age difference between the defendant and the victim at the time of the crime. The victim was thirteen (13) and the defendant was thirty-five (35);
>
> 2) The defendant was aware the victim was in foster care at his Aunt's home and took advantage of the victim.

The court incorporated by reference the STATIC-99 report placing Whitehead in the "Moderate-Low" range, the 2002 pre-sentencing report, and the information in the notice of hearing. The court then concluded that Whitehead "requires the highest possible level of supervision and monitoring" and ordered him to enroll in the satellite-based monitoring program for a period of ten years. Whitehead appeals from this order.

**Analysis**

On appeal from a satellite-based monitoring order, "we review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found." *State v. Kilby*, 198 N.C. App. 363, 367, 679 S.E.2d 430, 432 (2009) (citation and internal quotation marks omitted). The trial court is statutorily required to make

findings of fact to support its legal conclusions. *Id.* at 366, 679 S.E.2d at 432; *see also* N.C. Gen. Stat. § 14-208.40B (2013). Moreover, where a defendant receives a low to moderate score on the risk assessment, the trial court must make additional findings of fact before ordering the defendant to submit to satellite-based monitoring, which is the highest level of supervision and monitoring. *Kilby*, 198 N.C. App. at 369-70, 679 S.E.2d at 434.

Here, the trial court found that Whitehead qualified for supervision and monitoring and also made additional findings supporting imposition of ten years of satellite-based monitoring. Whitehead first argues that the trial court's additional findings supporting satellite-based monitoring are impermissible because "the additional findings all related to the facts of the particular offense for which Mr. Whitehead was initially convicted and which made him subject to satellite-based monitoring." Whitehead contends that trial courts cannot consider the facts of the underlying conviction itself as part of the "additional findings" necessary to impose satellite-based monitoring.

This argument is precluded by our decision in *State v. Green*, 211 N.C. App. 599, 710 S.E.2d 292 (2011). In *Green*, this

Court held that "the trial court may properly consider evidence of the factual context of a defendant's conviction when making additional findings as to the level of supervision required of a defendant convicted of an offense involving the physical, mental, or sexual abuse of a minor." *Id.* at 603, 710 S.E.2d at 295.[1] We therefore held "that it was not error for the trial court to consider the factual context of [a defendant's] conviction in making its additional findings" and imposing 5 years of satellite based monitoring. *Id.* Because it is permissible for a trial court to consider the facts underlying a defendant's conviction in making the additional findings necessary to impose satellite-based monitoring, we reject Whitehead's argument.

Whitehead next argues that the "additional findings" by the trial court do not support imposition of the highest level of supervision and monitoring. Whitehead contends that the two findings—the disparity in age between Whitehead and the victim and the fact that Whitehead took advantage of the victim, whom he knew to be a foster child living in his aunt's home—do not adequately support the legal conclusion that he must enroll in

---

[1] Whitehead does not dispute on appeal that he was convicted of "an offense involving the physical, mental, or sexual abuse of a minor."

satellite-based monitoring for ten years. Again, we conclude that this argument is precluded by our precedent.

In *State v. Jarvis*, 214 N.C. App. 84, 99, 715 S.E.2d 252, 261 (2011), this Court held that findings nearly indistinguishable from those in this case supported imposition of satellite-based monitoring. In *Jarvis*, the trial court made two findings that this Court held to be supported by competent evidence: (1) "[t]hat the defendant took advantage of his position of trust noting that the victim looked upon him as a father figure"; and (2) "[t]hat the defendant took advantage of the victim's vulnerability when at the time the victim had a strained relationship with her father and looked to the defendant for support and comfort." *Id.* at 95, 715 S.E.2d at 259. This Court then held that a third finding was not supported by competent evidence, and that a fourth finding required further consideration by the trial court. *Id.* at 95-99, 715 S.E.2d at 259-61.

Because this Court held that one finding was unsupported by the evidence and that a second required more detailed explanation, it was necessary to remand the case to the trial court for a new hearing. *Id.* But in doing so, this Court held that evidence concerning the victim's young age and

vulnerability, and defendant's position of trust, "*could* support findings of fact which *could* lead to a conclusion that 'the defendant requires the highest possible level of supervision and monitoring.'" *Id.* at 99, 715 S.E.2d at 261 (emphasis in original). In other words, this Court held that findings on those two grounds, standing alone, could support imposition of satellite-based monitoring. It remanded the matter for additional explanation of a third finding and to reconsider the duration and other specific details of the monitoring in light of the changed findings.

Under *Jarvis*, we must affirm the trial court's imposition of satellite-based monitoring in this case. Here, as in *Jarvis*, the trial court found that the Defendant had abused a position of trust to take advantage of a vulnerable juvenile victim. Specifically, the trial court found that there was a significant age disparity between Whitehead and the victim and that Whitehead "was aware the victim was in foster care at his Aunt's home and took advantage of the victim." This Court held that nearly identical findings could support imposition of satellite-based monitoring in *Jarvis*. One panel of this Court cannot overturn another, *In re Civil Penalty*, 324 N.C. 373, 384, 379

S.E.2d 30, 37 (1989), and thus we are bound by the *Jarvis* holding and must affirm the trial court's order in this case.

AFFIRMED.

Judges BRYANT and DILLON concur.

Report per Rule 30(e).