BRYANT, Judge.
Where the trial court failed to make sufficient findings of fact to support an order requiring defendant to enroll in satellite-based monitoring, we must vacate and remand to the trial court for additional proceedings and findings of fact.
On 17 September 2014, defendant Clinton James Goodwin entered guilty pleas to two counts of taking indecent liberties with a child. The trial court entered judgments sentencing defendant to an active prison term of 17 to 30 months, to be followed by a suspended sentence of 19 to 32 months and 36 months of supervised probation. The court made a written finding that because taking indecent liberties with a child is a "reportable conviction" and "sexually violent offense" under N.C. Gen.Stat. § 14-208.6(4) -(5) (2013), defendant was required to register as a sex offender upon release from incarceration. SeeN.C. Gen.Stat. § 14-208.7(a) (2013).
In accordance with N.C. Gen.Stat. § 14-208.40A (2013), the trial court next considered defendant's eligibility for satellite-based monitoring ("SBM"). The court found that his offenses involved the "physical, mental, or sexual abuse of a minor" and reviewed the results of defendant's STATIC-99 risk assessment administered by the Department of Public Safety's Division of Adult Correction ("DAC"). Id.§ 14-208.40A(b), (d) -(e) (2013). After receiving defendant's evidence and hearing arguments from the parties, the court determined that defendant "requires the highest possible level of supervision and monitoring" and ordered him to enroll in the SBM program for a period of 30 years following his release. Id.§ 14-208.40A(e). Defendant appeals.
_________________________
On appeal, defendant raises two issues which concern the larger issue of whether the trial court's determination that defendant should submit to thirty years of SBM was supported by the evidence. Specifically, defendant argues that the trial court failed to make sufficient findings of fact to support its determination that he "requires the highest possible level of supervision and monitoring" under N.C.G.S. § 14-208.40A(e). The State concedes the error but asks this Court to remand for additional fact-finding. Defendant asserts that a remand is unwarranted because the trial court received no evidence that would support the necessary findings.
Under N.C.G.S. § 14-208.40A(e), the trial court may impose SBM for a period of time short of the defendant's life if (1) the defendant is convicted of a "reportable conviction" as defined by N.C. Gen.Stat. § 14-208.6(4) (2013) ; (2) "the offense involved the physical, mental, or sexual abuse of a minor" as defined by N.C.G.S. § 14-208.40A(b) ; and (3) based on a risk assessment performed by the Division of Adult Correction, the trial court determines that the defendant "does require the highest possible level of supervision and monitoring[.]"[1] N.C.G.S. § 14-208.40A(e).
Defendant does not dispute that taking indecent liberties with a child is a reportable conviction or that his offenses involved the physical, mental, or sexual abuse of a minor. Because the risk assessment performed by DAC found him only a "Moderate-High" risk of reoffending, defendant contends the trial court could not impose a period of SBM under N.C.G.S. § 14-208.40A(e) without additional findings of fact to support its determination that he required the highest level of supervision and monitoring.
We agree with the parties that the trial court's SBM orders lack sufficient findings. Our precedent on this issue is clear:
This Court has previously held that a D[A]C risk assessment of "moderate," without more,is insufficient to support the finding that a defendant requires the highest possible level of supervision and monitoring. However, in the face of a D[A]C risk assessment of "moderate," a trial court's determination that the defendant requires the highest possible level of supervision may be adequately supported where the trial court makes "additional findings" regarding the need for the highest possible level of supervision and where there is competent record evidence to support those additional findings.
State v. Green,211 N.C.App. 599, 601, 710 S.E.2d 292, 294 (2011) (citations omitted). Given defendant's "Moderate-High" risk score, the trial court erred by ordering SBM without "additional findings regarding the need for the highest possible level of supervision[.]" Id.at 601, 710 S.E.2d at 294.
We must now resolve the parties' dispute as to the proper disposition of this case. Our decision is guided by the following standard:
[I]f a defendant is assessed as a moderate risk and the State presented no evidence to support findings of a higher level of risk or to support the requirement for the highest possible level of supervision and monitoring[,] the trial court's order must be reversed. In contrast, if the State presented any evidence at the SBM hearing that would support the highest level, it would be proper to remand this case to the trial court to consider the evidence and make additional findings.
State v. Jones,--- N.C.App. ----, ----, 758 S.E.2d 444, 448 (2014) (citation and quotations omitted). In applying this standard, we note that the trial court may "consider any proffered and otherwise admissible evidence relevant to the risk posed by a defendant[.]" Green,211 N.C.App. at 603, 710 S.E.2d at 295 (citation and quotation omitted). The court may not base its additional findings upon factors already considered in a STATIC-99 assessment but may consider as evidence the factual context of a defendant's conviction. State v. Thomas,--- N.C.App. ----, ----, 741 S.E.2d 384, 387 (2013) ; Green,211 N.C.App. at 603, 710 S.E.2d at 295.
The transcript of defendant's plea hearing shows that defendant agreed to allow the prosecutor to summarize the evidence establishing the factual basis for his guilty plea, in lieu of a formal proffer. SeeN.C. Gen.Stat. § 15A-1022(c)(1) (2013). The prosecutor provided the following account of defendant's encounter with the 13-year-old victim at her apartment complex on 5 November 2013:
What [the victim] said occurred on that date: She was not in school; she had had contact with someone over the Internet-it appears it was not this defendant; that she was at the apartment that day. She was planning to meet this person. She was dressed only wearing a camisole which looked like a short-very short dress. She was in a breezeway. The defendant worked there. I think he did maintenance work at that location. The apartment ... directly across the breezeway or across a breezeway from where this young girl lived was vacant; and I think they were doing some work, getting it cleaned up and prepared for a new tenant. The defendant allegedly saw her there, started talking with her. Eventually they went into that empty apartment. She said that the defendant felt her breasts, touched her vagina. She said that they had intercourse and that she also performed oral sex on him and he masturbated in front of her.
The [victim's] mother ... got a call from the apartment complex that said that her daughter was walking around in the parking lot very inappropriately clothed.... She said she talked to her daughter that day, but her daughter didn't inform her of what had happened; that at some point in the next few days [the victim] did tell her [mother] that someone that worked there had touched her breasts.... I think the mother actually eventually confronted the defendant one day.
...
The-after this occurred-I think this young girl had some psychiatric issues going on at the time-but things got much worse. She became very depressed. She began to do some self-mutilation. She was placed in Holly Hills Hospital for about three weeks. And it was at the end of that hospital stay when she revealed to her mother what had occurred. The mother called the Chapel Hill Police.
...
When officers made contact with the defendant, he actually came in to the Chapel Hill Police Department and gave them a statement. He acknowledged most parts of what she said occurred; that he saw her in the breezeway; that she was very provocatively dressed. Of course, he indicated that he didn't realize her age.... He said he thought he put-placed one finger inside of her vagina. He said he did not have intercourse with her, although they almost had intercourse. I think his statement was that that's when he found out her age. And his claim is he stopped at that point.
When invited by the trial court "to correct or add anything to the recitation of facts[,]" defense counsel offered defendant's version of the events, as follows:
He denies that he had sexual intercourse with her. He denies that she gave him oral sex. And he denies that he masturbated in front of her. He said that she snuggled up to him, that he kissed her, that he touched her inappropriately, and that she at this point inquired, "Is that sex? I have never had sex before."
And he went, "Oh, my God," and said, you know, "You need to get away from here. You need to go home. You need to leave." And that was the extent of it.
Defendant also tendered the results of a sex offender evaluation performed by forensic psychologist H.D. Kirkpatrick, Ph.D., finding defendant to "be [a] low risk for future sexual violence[,]" as well as letters from defendant's girlfriend and members of his church vouching for his character, healthy relationships with children, and active role in the community. In response to a direct query by the court, defendant reiterated that he "didn't have sexual intercourse with this girl[.]"
In Green,this Court upheld an "additional finding" included in an SBM order because it was supported by the prosecutor's statement establishing the factual basis for the defendant's Alfordplea. Green,211 N.C.App. at 603, 710 S.E.2d at 295. After examining the trial court's plea colloquy with the defendant, this Court concluded that defendant had effectively "stipulated to the facts as summarized by the prosecutor and failed even to attempt to dispute in any way the age of the victims," thereby obviating the need for evidence. Id.We cited the doctrine of our Supreme Court that "a stipulation need not follow any particular form, [but] its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them. Silence, under some circumstances, may be deemed assent." Id.at 603, 710 S.E.2d at 295-96 (citations and quotation omitted).
In light of our ruling in Green,we conclude that in the instant case, the parties' proffer to the trial court would support "additional findings regarding [defendant's] need for the highest possible level of supervision" under N.C.G.S. § 14-280.40A(e). Id.at 601, 710 S.E.2d at 294 (citation and quotation omitted). The undisputed portions of the prosecutor's statement reveal several facts not accounted for in the STATIC-99 instrument which are arguably relevant to defendant's eligibility for SBM. We note, for example, defendant's admission to police that he digitally penetrated the victim's vagina-an act constituting the Class B1 felony of statutory sex offense with a 13-, 14-, or 15-year-old by a person at least six years older than the victim under N.C. Gen.Stat. § 14-27.7A(a) (2013). A conviction under N.C.G.S. § 14-27.7A(a) is an "aggravated offense" qualifying the offender for lifetime SBM pursuant to N.C.G.S. §§ 14-208.6(a1) and 14-208.40A(c). State v. Sprouse,217 N.C.App. 230, 241, 719 S.E.2d 234, 242 (2011) ; see alsoN.C. Gen.Stat. § 8C-1, Rule 801(d) (2013). We further note that defendant gave inconsistent accounts of the incident to police and Dr. Kirkpatrick, telling law enforcement that he used only his finger to touch the victim's vagina while telling Dr. Kirkpatrick that he "expose[d] his penis and touched her vagina with his penis, with the idea of having sex." Accordingly, "we deem it appropriate we remand to the trial court for additional evidentiary proceedings and more thorough findings of fact as to the level of defendant's risk." State v. Morrow,200 N.C.App. 123, 133, 683 S.E.2d 754, 762 (2009).
VACATED AND REMANDED.
Judges DIETZ and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from orders entered 17 September 2014 by Judge Carl R. Fox in Orange County Superior Court. Heard in the Court of Appeals 1 June 2015.

A defendant is subject to lifetime SBM if he (1) has been classified as a sexually violent predator, (2) is a recidivist, or (3) is convicted of either an "aggravated offense" as defined by N .C. Gen.Stat. 14-208.6(1a) (2013), or a violation of N.C. Gen.Stat. §§ 14-27.2A or 14-27.4A (2013). N.C. Gen.Stat. § 14-208.40A(c) (2013).