An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1048

Filed: 1 September 2015

Craven County, No. 00 CRS 3817

STATE OF NORTH CAROLINA,

v.

MARK W. GROSS, Defendant.

Appeal by defendant from order entered 30 October 2013 by Judge Charles H. Henry in Craven County Superior Court. Heard in the Court of Appeals 18 February 2015.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*

> *W. Michael Spivey for defendant-appellant.*

GEER, Judge.

Defendant Mark W. Gross appeals from an order requiring him to enroll in satellite based monitoring ("SBM") for a period of 10 years following his release from prison as a result of his guilty plea to three counts of attempted first degree sexual offense. On appeal, defendant primarily argues that the trial court erred in concluding he required the highest possible level of supervision based solely on its finding that the victims were under the age of eight. However, under *State v. Green*,

211 N.C. App. 599, 710 S.E.2d 292 (2011), this finding is sufficient to support the trial court's SBM order, and we consequently affirm.

Facts

Defendant was indicted for one count of first degree statutory sexual offense on 17 April 2000 and for two more counts on 16 October 2000. On 18 January 2001, defendant pled guilty to three counts of attempted first degree sexual offense in violation of N.C. Gen. Stat. § 14-27.4, with the offenses having occurred on 1 February 1999, 1 January 2000, and 20 March 2000. The trial court sentenced defendant to a presumptive-range term of 151 to 191 months imprisonment and recommended that defendant attend a treatment program for sex offenders.

On 11 March 2013, defendant received notice to appear in court for a hearing to determine whether he was subject to SBM. On 15 April 2013, defendant was given a "STATIC-99" recidivism risk assessment, and he received a "0" score, placing him in the "Low" risk category for recidivism. The assessment tool lists 10 risk factors and allows for scores ranging from "-3" to "1." Defendant received "-1" for being between the age of 40 and 59.9 years and a "1" for being convicted of offenses involving unrelated victims. In the remaining eight categories defendant scored "0" for each.

After hearings on 13 June 2013 and 4 October 2013, the trial court entered an order requiring defendant to submit to SBM for a period of 10 years following his release from prison. The trial court's order determined, in particular, that defendant

was convicted of a "reportable conviction as defined by G.S. 14-208.6(4)," there had been no prior determination on SBM for defendant, and the district attorney had provided adequate notice of the SBM hearing to defendant. The order further found that defendant's conviction "involved the physical, mental, or sexual abuse of a minor, that the offense was not an aggravated offense or a violation of G.S. 14-27.2A or G.S. 14-27.4A, the defendant is not a recidivist or predator, and the Division of Adult Correction has conducted a risk assessment of the defendant, and based on that assessment . . . and the additional findings . . . the defendant requires the highest possible level of supervision and monitoring." The trial court made the following additional findings: "The three minor victims were under the age of eight. One was his daughter and the other two were children of his neighbors. In committing these acts the defendant took advantage of a position of trust." Defendant timely appealed to this Court from the SBM order.

Discussion

Defendant argues that the trial court erred in requiring him to be enrolled in SBM.

> This Court established the standard of review for SBM enrollment in *State v. Kilby*, [198] N.C. App. [363], [366-67], 679 S.E.2d 430[, 432 (2009)]. *Kilby* first noted that the trial court is statutorily required to make findings of fact to support its legal conclusions. *Id.* . . . *Kilby* further stated:

> "[W]e review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found. We [then] review the trial court's order to ensure that the determination that defendant requires the highest possible level of supervision and monitoring reflects a correct application of law to the facts found."

*State v. Morrow*, 200 N.C. App. 123, 126, 683 S.E.2d 754, 757 (2009) (quoting *Kilby*, 198 N.C. App. at 367, 679 S.E.2d at 432), *aff'd per curiam*, 364 N.C. 424, 700 S.E.2d 224 (2010).

Where no prior SBM determination has been made for a defendant who has been convicted of a reportable offense as described in N.C. Gen. Stat. § 14-208.6(4) (2013), the trial court is required to determine whether that defendant should submit to SBM. N.C. Gen. Stat. § 14-208.40B(a) (2013). Sexually violent predators and those who commit aggravated crimes or offenses in violation of N.C. Gen. Stat. §§ 14-27.2A or 27.4A (2013) are required to be enrolled in lifetime SBM. N.C. Gen. Stat. § 14-208.40B(c). However, if the trial court determines that the defendant does not fall into one of these categories, but it determines that the defendant committed offenses involving physical, mental, or sexual abuse of a minor, then the trial court must determine whether the defendant requires the highest possible level of supervision. *Id.*

Here, defendant's sole argument is that the trial court's additional findings regarding the victims are unsupported by evidence and do not support the determination that he required the highest possible level of supervision. In determining whether a defendant requires the highest level of supervision, the trial court is required to order and consider a recidivism risk assessment. *See* N.C. Gen. Stat. § 14-208.40B(c) ("Upon receipt of a risk assessment from the Division of Adult Correction, the court shall determine whether, based on the Division of Adult Correction's risk assessment, the offender requires the highest possible level of supervision and monitoring.").

In order to perform this assessment, the North Carolina Department of Correction uses the STATIC-99 as "an 'actuarial instrument designed to estimate the probability of sexual and violent recidivism among male offenders who have already been convicted of at least one sexual offense against a child or non-consenting adult.' " *State v. Thomas*, ___ N.C. App. ___, ___, 741 S.E.2d 384, 386 (2013) (quoting *Morrow*, 200 N.C. App. at 125 n.3, 683 S.E.2d at 757 n.3). "We have held that where an offender is determined to pose only a low or moderate risk of reoffending, the State must present additional evidence to support a determination that the offender requires the highest possible level of supervision and monitoring." *Id.* at ___, 741 S.E.2d at 386. While "proffered and otherwise admissible evidence relevant to the risk posed by a defendant should be heard by the trial court[,]" *Morrow*, 200 N.C. App.

at 131, 683 S.E.2d at 760-61, " 'additional findings' cannot be based upon factors explicitly considered in the STATIC-99 assessment[,]" *Thomas*, ___ N.C. App. at ___, 741 S.E.2d at 387 (quoting *Morrow*, 200 N.C. App. at 131, 683 S.E.2d at 761).

The State concedes that there is insufficient evidence for the finding that defendant took advantage of a position of trust. Further, while the State contends that the finding of two victims being children of neighbors is supported by evidence, the State nonetheless concedes, and we agree, that because this finding duplicates considerations in the STATIC-99 report as to whether the victims were "unrelated" and "strangers," the trial court should not have used it to support its SBM order.

Defendant contends that the finding that "[t]he three minor victims were under the age of eight[,]" which defendant concedes is supported by competent evidence, could not by itself support the SBM order. Defendant argues this is so because the record "provides no evidence that the age of the victims is predictive of recidivism either as a scientific fact or as a rational inference from the circumstances of [defendant] and the offenses he committed." On the other hand, the State suggests that based on *Green*, this finding supports the SBM order.

In *Green*,

> the trial court found that [the defendant] require[d] the highest possible level of supervision and monitoring based on the DOC risk assessment of "moderate-low" and based on the following additional findings: (1) the victims were especially young, neither victim was able to advocate for herself, "one victim was too young to possibly even speak,"

and therefore "the risk to other similarly situated individuals is . . . substantial;" (2) [the defendant] has "committed multiple [acts] of domestic violence;" and (3) [the defendant] has obtained no sex offender treatment.

211 N.C. App. at 601, 710 S.E.2d at 294.

While in *Green* this Court determined that the finding of multiple acts of domestic violence was unsupported by the evidence, it also concluded "that the trial court's additional findings that [the defendant] had not received treatment and that the victims were very young were proper findings to support the trial court's determination that [the defendant] requires the highest possible level of supervision." *Id.* at 605, 710 S.E.2d at 296-97. In doing so, this Court reasoned in part that the very young age of victims is relevant to an offender's risk of recidivism because it "is an appropriate aggravating factor for sentencing purposes, [and there is] no reason why that fact would not also be a similarly 'aggravating' finding in the SBM context." *Id.*, 710 S.E.2d at 296.

We agree with the State that, under *Green*, a finding that a victim was of a young age can support an SBM order: such a finding presumes the inability of such victims to advocate for themselves and, thus, indicates substantial risk to others similarly situated. In this regard, the finding that "[t]he three minor victims were under the age of eight" is substantially similar to the finding in *Green* that "the victims were especially young[.]" *Id.* at 601, 710 S.E.2d at 294. We, therefore, conclude that the trial court's conclusion that defendant requires the highest possible

level of supervision is supported by the order's finding that the victims were younger than eight. *See also State v. Smith*, ___ N.C. App. ___, ___, 769 S.E.2d 838, 841 (2015) (holding imposition of SBM supported by evidence and related findings "with respect to the age of the alleged victims, the temporal proximity of the events, and defendant's increasing sexual aggressiveness[,]" where all three victims were five years old or younger, and incidents were separated by eight and 10 months respectively).

AFFIRMED.

Judges ELMORE and INMAN concur.

Report per Rule 30(e).